# No. 19-3234

## United States Court of Appeals

## for the Tenth Circuit

### ERIC S. CLARK

Plaintiff-Appellant

v.

Unified School District No. 287

Defendant-Appellee

Appeal from the U.S. District Court

for the District of Kansas

The Honorable Holly L. Teeter, District Judge

( 2:17-cv-02279-HLT )

### REPLY BRIEF (APPELLANT)

**Eric S. Clark ( pro se )**
1430 Dane Ave
Williamsburg, Kansas 66095
Phone: (785) 214-8904

## *STANDING*

At open of its argument in response (Document: 010110277856, "Response"
at 14) concerning standing, Defendant/Appellee ("USD 287" or "School District")
argued that 'Clark lacks standing to assert a First Amendment claim based on an
alleged violation of Hirt's rights.' This misses the mark as Clark's claim is based
on violation of his own First Amendment right through the facts giving rise to
Clark, himself, being personally chilled from exercising some protected speech.
Clarks agrees that "a section 1983 claim must be based upon the violation of a
plaintiff's personal rights, and not the rights of someone else." *Archuleta v.
McShan,* 897 F.2d 495, 497 (10th Cir. 1990)."

USD 287 then basically repeats the same errant conclusion[1] of the District
Court through stating that "Clark **failed to present evidence** to support an
imminent injury-in-fact as a result of the July 13, 2015 letter **other than his own
subjective assertion** that he refrained from speech because of the letter." This is
simply not true as laid out in Clark's Brief of Appellant (Document:
010110262150 at 15) detailing that the conclusion "does not account for the **facts**
that were proffered in **support.**" (emphasis in original)

[1] See ECF 161 at 20 [ROA VOL. 2 at 124] "[t]he only support for Clark's claim is his
own statements that he self-censored and feared the same action would be taken
against him. Doc. 155 at 36."

1

USD 287 then argues (See Response at 17) that

> 'Clark's contention that he would have used more profane language
> but for his knowledge of the letter rings hollow. As the District Court
> concluded, Clark's argument that he self-censored by using
> "nincompoops" rather than "sons of bitches" does not support a
> reasonable inference that Clark was engaged in self-censorship,
> particularly in view of the absence of evidence that Clark ever used
> such language at board meetings or otherwise. (ROA Vol. 2 at 235).'

This is nothing but a conclusory statement supported by referring to the District

Court citing to an **absence of fact** (i.e., "absence of evidence that Clark ever used

such language at board meetings or otherwise") which is plainly drawing an

inference (from absence of fact) against the movant in contravention of the

summary judgment standard.

USD 287 then argues (See Response at 17) that "It is not credible to believe

that Clark would abstain from speech when the potential sanction for that speech is

the same as the sanction Clark claims to have self imposed." There is no support

in the record for equating merely "abstaining from speech" with "potential sanction

for that speech" as it is clear that a potential sanction can be an **indefinite**

**categorical ban** from coming onto any USD 287 property (even "to attend and not

speak" at school board meetings) under threat of criminal trespass. That is well

beyond limiting some protected speech; therefore, far from being paradoxical, it is

simple common sense reaction to such potential sanctions.

2

USD 287 then argues (See Response at 18) that "Uncharacteristic of an individual who is actually discouraged, and although Clark already had a copy of the letter from Hirt, Clark sought a copy directly from the District by request under the Kansas Open Records Act." Assuming this statement was intended to be a fact in the record for summary judgment, which it is not, and even if the factual it were undisputed, the conclusion "[u]ncharacteristic of an individual who is actually discouraged" has no basis in common sense, let alone supporting evidence.

USD 287 then argues (See Response at 18) that "The City(sic) provided Clark a copy for the first time pursuant to that decision." This appears to be an argument that the action taken pursuant to letter could not deter Clark unless Clark had an actual copy of the letter. That is like saying one would not be deterred from walking down the sidewalk when a neighbor informs you that police are shooting at house and the sidewalk is in the line of fire. Must one wait to see the actual bullets passing over the sidewalk before being deterred from the action of the police? A reasonable inference, instead, is that an action which causes second hand knowledge of the action to be passed on to another . . . is still a causal effect and can provide credible reason to react.

In the Response at 18, USD 287 appears to acknowledge the existence of "an incident in which the District sought to enforce the restriction against Hirt's presence on District property." which contradicts the earlier argument that there

3

was no evidence presented by Clark "**other than his own subjective assertion** that he refrained from speech" (See Response at 17).

USD 287 concludes argument on the issue of standing by concluding that "[t]he private letter to Hirt would not restrict an objectively reasonable person from exercising First Amendment rights." (See Response at 21). Characterization of the letter as "private" appears to make much ado of nothing but, at least, this gets to the actual issue for determining objective chill – what was the government action and would that action chill a person of ordinary firmness. As to the action being associated with a "private letter", even USD 287 conceded in its Response that the letter was determined by a court to be an open record and that Clark obtained a copy. See Response at 17, "A panel of the Kansas Court of Appeals concluded the exception did not apply and ordered disclosure of the letter. The City (sic) provided Clark a copy". The more important issue is 1) what action was taken by the government?, i.e., enacting an indefinite categorical ban from all USD 287 property including property used to hold school board meeting and declaring that speech which is socially unacceptable can trigger that action and; 2) could that chill any protected speech of a reasonable person of ordinary firmness?

4

## *OVERBREADTH CHALLENGE PRESERVATION*

In its Response at 22, USD 287 argues that "the District Court did not abuse

discretion in determining that no overbreadth challenge was included in the Pretrial

Order." USD 287 cited that the

> "standard for review of the District Court's interpretation of its
> pretrial order is for abuse of discretion because the "district court is in
> the best position to interpret its pretrial order." *Tyler v. City of
> Manhattan,* 118 F.3d 1400, 1403 (10th Cir. 1997); *Perry v. Winspur,*
> 782 F.2d 893, 894 (10th Cir. 1986).

Clark does not dispute that standard but had pointed out that not liberally

construing a pretrial order under the precedents of construction set out by the

Tenth Circuit constitutes an abuse of discretion. USD 287 did not refute that

Tenth Circuit precedents identified in Clark's Brief of Appellant. See, e.g., Brief of

Appellant at 26:

> *Lurch v. United States,* 719 F.2d 333,339 (10th Cir. 1983)(finding other
> arguments" are implicitly within the pre-trial order" and noting that "pre-
> trial orders have been construed to include issues not specifically
> mentioned in the order"). 'Pretrial orders are to be "liberally construed to
> cover any of the legal or factual theories that might be embraced by their
> language. We have cautioned that a pretrial order is a procedural tool to
> facilitate the trial of a lawsuit on its merits and not to defeat it on a
> technicality.' *Trujillo v. Uniroyal Corp.,* 608 F.2d 815, 818 (10th Cir.
> 1979).

## *CONCLUSION*

This court should find that Clark has standing and that the constitutional challenge

was preserved by the pretrial order.

5

Respectfully submitted,

Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904

## CERTIFICATE OF COMPLIANCE

with required PRIVACY redactions.

Appellant hereby certifies that:

1. All required privacy redactions have been made to

   the Appellant's Reply brief.

   **Eric S. Clark ( pro se )**
   1430 Dane Ave
   Williamsburg, Kansas 66095
   Phone: (785) 214-8904

## CERTIFICATE OF COMPLIANCE

with Type-VOLUME LIMIT, Typeface Requirements, and

Type Style Requirements

Appellant hereby certifies that:

1) This brief complies with the type-volume imitation of Fed. Rules. App. P. 32(a)(7)(B) because this brief does not exceed 6,500 words (specifically contains **1,239** words), excluding the parts of the brief exempted by Fed. Rules App. P. 32(a)(7)(B)(iii).

2) This brief complies with the typeface requirements of Fed. Rules App. P. 32(a)(5) and the type style requirements of Fed. Rules App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman typeface.

**Eric S. Clark ( pro se )**
1430 Dane Ave
Williamsburg, Kansas 66095
Phone: (785) 214-8904

## CERTIFICATE OF SERVICE

Appellant hereby certifies that service was made by mailing

true and correct copies of the foregoing

BRIEF OF APPELLANT

by deposit in the United States Mail, Postage prepaid,

on December 21, 2019 addressed to:


J. Steven Pigg, Lauren E. Laushman
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W.  5th St.
Topeka, KS 66606

and to:

Alan V. Johnson
Sloan Eisenbarth Glassman McEntire & Jarboe, LLC  – Topeka
534 South Kansas Avenue
Suite 1000
Topeka, KS 66603–3456

and the original and seven copies to:

Clerk, The United States Court of Appeals for the Tenth Circuit
The Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257


Eric S. Clark, 1430 Dane Ave, Williamsburg, Kansas [66095] 785-214-8904