CLOSED,APPEAL,ETT−5D,LC4,MEDIATION,PROTO

# U.S. District Court
## DISTRICT OF KANSAS (Kansas City)
## CIVIL DOCKET FOR CASE #: <u>2:17−cv−02279−HLT</u>

| | |
|---|---|
| Hirt et al v. Unified School District No. 287 et al | Date Filed: 05/16/2017 |
| Assigned to: District Judge Holly L. Teeter | Date Terminated: 08/19/2019 |
| Case in other court:  10CCA, 19−03234 | Jury Demand: Both |
| Cause: 28:1331 Federal Question: Other Civil Rights | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

| **Gene Hirt** | represented by | **Alan V. Johnson** |
|---|---|---|
| | | Sloan Eisenbarth Glassman McEntire & Jarboe, LLC – Topeka |
| | | 534 South Kansas Avenue, Suite 1000 |
| | | Topeka, KS 66603−3456 |
| | | 785−357−6311 |
| | | Fax: 785−357−0152 |
| | | Alternative Phone: |
| | | Cell Phone: |
| | | Email: ajohnson@sloanlawfirm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Bar Number: 09992* |
| | | *Bar Status: Active* |

**Plaintiff**

| **Eric S. Clark** | represented by | **Eric S. Clark** |
|---|---|---|
| | | 1430 Dane Ave |
| | | Williamsburg, KS 66095 |
| | | 785−214−8904 |
| | | Email: |
| | | PRO SE |
| | | *Bar Number:* |
| | | *Bar Status:* |

V.

**Defendant**

| **Unified School District No. 287** | represented by | **J. Steven Pigg** |
|---|---|---|
| | | Fisher, Patterson, Sayler & Smith, LLP – Topeka |
| | | 3550 SW Fifth Street |
| | | Topeka, KS 66606 |
| | | 785−286−6632 |
| | | Fax: 785−232−6604 |
| | | Alternative Phone: 785−232−7761 |
| | | Cell Phone: 785−224−0898 |

Email: spigg@fisherpatterson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 09213*
*Bar Status: Active*

**Lauren E. Laushman**
415 Eisenhower Lane
Lawrence, KS 66049
785−979−5936
Alternative Phone:
Cell Phone: 785−979−5936
Email: llaushman@fisherpatterson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Curt Altic**
*in official capacity as member of the*
*Board of Education of U.S.D. 287*
**TERMINATED: 11/13/2017**

represented by **J. Steven Pigg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 09213*
*Bar Status: Active*

**Lauren E. Laushman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Rusty Ecord**
*in official capacity as member of the*
*Board of Education of U.S.D. 287*
**TERMINATED: 11/13/2017**

represented by **J. Steven Pigg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 09213*
*Bar Status: Active*

**Lauren E. Laushman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Blaine Flory**
*in official capacity as member of the*

represented by **J. Steven Pigg**
(See above for address)

*Board of Education of U.S.D. 287*
***TERMINATED: 11/13/2017***

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 09213*
*Bar Status: Active*

**Lauren E. Laushman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Matt Froggatte**                           represented by  **J. Steven Pigg**
*in official capacity as member of the*                     (See above for address)
*Board of Education of U.S.D. 287*                          *LEAD ATTORNEY*
***TERMINATED: 11/13/2017***                                *ATTORNEY TO BE NOTICED*
                                                            *Bar Number: 09213*
                                                            *Bar Status: Active*

**Lauren E. Laushman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Ryan Sink**                                represented by  **J. Steven Pigg**
*in official capacity as member of the*                     (See above for address)
*Board of Education of U.S.D. 287*                          *LEAD ATTORNEY*
***TERMINATED: 11/13/2017***                                *ATTORNEY TO BE NOTICED*
                                                            *Bar Number: 09213*
                                                            *Bar Status: Active*

**Lauren E. Laushman**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

**Defendant**

**Jerry Turner**                             represented by  **J. Steven Pigg**
*in official capacity as Superintendent of*                 (See above for address)
*U.S.D. 287 and in his individual capacity*                 *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*
                                                            *Bar Number: 09213*
                                                            *Bar Status: Active*

**Lauren E. Laushman**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 25776*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 09/21/2018 | 138 | | PRETRIAL ORDER ENTERED. Dispositive motion deadline 12/18/2018. Jury Trial set for 9/9/2019 at 09:30 AM in Kansas City before District Judge Holly L. Teeter – estimated trial time 5 days. Signed by Magistrate Judge Gwynne E. Birzer on 9/21/18. Mailed to pro se party Gene Hirt and Eric S. Clark by regular mail. (rel) (Entered: 09/21/2018) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENE HIRT and ERIC S. CLARK,

          Plaintiffs,

v.                             Case No. 17-CV-02279-HLT-GEB

UNIFIED SCHOOL DISTRICT NO. 287,
et al.,

          Defendants.

## <u>PRETRIAL ORDER</u>

A pretrial conference was conducted in this case on **September 21, 2018** by U.S. Magistrate Gwynne E. Birzer. The plaintiffs, Eric S. Clark and Gene Hirt, appeared *pro se*. The defendants, Unified School District No. 287 and Jerry Turner, in his individual capacity, appeared through counsel, J. Steven Pigg and Lauren E. Laushman.

This pretrial order supersedes all pleadings and controls the subsequent course of this case. It will not be modified except by consent of the parties and the court's approval, or by order of the court to prevent manifest injustice. Fed. R. Civ. P. 16(d) & (e); D. Kan. Rule 16.2(b).

1)      **PRELIMINARY MATTERS.**

a.      **Subject-Matter Jurisdiction.**  Subject-matter jurisdiction is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1367 and is not disputed with the exception that defendant disputes jurisdiction to the extent that Clark's claims effectively seek review of state court decisions in *Clark v. Unified School District No. 287*, 55 Kan. App. 2d 405 (2018) (petition for rev. filed March 12, 2018) pursuant to the *Younger* and/or *Rooker/Feldman* abstention doctrines.

1

      **b.**      **Personal Jurisdiction.**  The court's personal jurisdiction over the parties is not disputed.

      **c.**      **Venue.**  Venue in this court is not disputed.

      **d.**      **Governing Law.**  Subject to the court's determination of the law that applies to the case, the parties believe and agree that the substantive issues in this case are governed by the following law:

Federal claims are governed by federal law.

Kansas Open Records Act claims and Kansas Open Meetings Act claims are governed by Kansas state law.

**2)**      **STIPULATIONS.**

      **a.**      The following facts are stipulated, subject to all objections as to admissibility. The parties may later agree to additional stipulated facts in advance of trial.

1.      Superintendent Jerry Turner prepared the letter addressed to Gene Hirt dated July 13, 2015, informing Hirt that he was no longer allowed on USD 287 property.

2.      Superintendent Turner consulted USD 287 Board members and the District's attorney from KASB prior to sending the July 13, 2015 letter.

3.      On or about July 21, 2015, Hirt contacted The Ottawa Herald to discuss the July 13, 2015 letter.

4.      On August 19, 2015 Hirt and Clark attended an Open House event at Williamsburg Elementary School. A sheriff's deputy asked Hirt to leave the school property. Hirt and Clark both left.

5.      Members of the public are allowed three minutes during a "patron forum" at USD 287 Board meetings to address the Board.

6.      Prior to the July 13, 2015 letter, USD 287 did not remove or ask Hirt to leave a board meeting.

{T0457360}

7.   Hirt addressed the board from the audience outside the patron forum, without permission. The Board President reprimanded Hirt for his behavior.

8.   Clark attended and addressed the school board at the meetings on the following dates: 4/13/15, 5/11/15, and 8/12/15.

9.   Clark has not attended a board meeting since 8/12/15.

10.   On February 26, 2015, Hirt entered an elementary school classroom during school hours.

11.   Hirt does not have any children, grandchildren, or family members who attend USD 287 schools.

12.   Clark does not have any children, grandchildren, or family members who attend USD 287 schools.

13.   USD 287 has never restricted or reprimanded Hirt for any speech during the three-minute patron forum.

14.   USD 287 sent Hirt a letter dated May 26, 2017, informing Hirt that he was permitted to enter USD 287 premises to attend his 50th High School Reunion.

15.   USD 287 sent Hirt a letter dated June 14, 2017, which informed Hirt he was no longer excluded from school property and could attend meetings or events to which the public was invited. The letter also read, "You should continue to refrain from coming on USD 287 property which is not generally open to the public, including the schools, except for public events."

16.   Hirt has not attended a school board meeting since July 13, 2015.

   b.   The parties have stipulated to the foundation, but not admissibility, of the following

exhibits for purposes of summary judgment and trial:

1.   USD 287 Policy BBD – Board-Superintendent Relations (ECF 114-4)

2.   USD 287 Policy CE – School Superintendent (ECF 114-5)

3.   Bates No. 1737 – Email from Brady Anshutz (ECF 114-6)

4.   Bates No. 207 – USD 287 Policy BCBI – Public Participation in Board Meetings

{T0457360}

5.      Bates Nos. 788-792 – Gene Hirt documentation (ECF 114-12)

6.      USD 287 Board Policy CD – Line and Staff Relations (ECF 114-16)

7.      USD 287 Board Policy JDD – Suspension and Expulsion Procedures (ECF 114-17)

8.      USD 287 Board Policy JDD-R – Suspension and Expulsion Procedures (ECF 114-18)

9.      USD Board Policy GAE – Grievances (ECF 114-19)

10.     USD Board Policy CN – Public Records (Approved 9/10/07)

11.     USD 287 Policy CN – Public Records (Revised 1/11/17)

12.     Bates No. 208 – USD 287 Board Policy KGD – Disruptive Acts at School or School Activities

13.     Bates 209 – USD 287 Board Policy KGDA – Public Conduct on School Property

14.     Bates Nos. 728-730 – Hirt's letter dated July 21, 2015

15.     Bates No. 645 – Clark's letter dated March 24, 2017

16.     Bates No. 651 – USD 287 letter dated March 26, 2017

17.     Bates Nos. 648-649 – Clark's letter dated March 31, 2017

18.     Bates No. 653 – USD 287's letter dated April 6, 2017

19.     Bates Nos. 654-664 – Clark's letter dated April 10, 2017

20.     Bates No. 667 – USD 287 letter dated April 13, 2017

21.     Bates No. 669 – Clark's letter dated April 17, 2017

22.     Bates No. 67 – USD 287 letter dated April 20, 2017

23.     Bates No. 810 – Letter to Hirt dated July 13, 2015

24.     Bates No. 787 – Letter to Hirt dated June 14, 2017

{T0457360}

25.     Bates No. 765 – Article from Ottawa Herald

**13)     FACTUAL CONTENTIONS.**

    **a.     Contentions of Plaintiffs.**

1.     USD 287 issued an exclusion order (ECF No. Dk. 93-1) to Mr. Hirt which prevented Mr. Hirt from attending open meetings of the USD 287 Board of Education which are held on USD 287 property for which Mr. Hirt would have otherwise attended.

2.     The exclusion order (ECF No. Dk. 93-1) was action (1) taken under color of law by Jerry Turner while acting as Superintendent of USD 287 (i.e. an officer of the public agency and; (2) taken in accordance with

    (a) an *ad hoc* "socially acceptable manner" policy governing expression or;

    (b) USD 287 policy KGDA or;

    (c) both.

3.     The exclusion order (ECF No. Dk. 93-1) was issued after consultation with each and every member of the Board of Education of USD 287.

4.     On August 19, 2015 during an Open House event at Williamsburg Elementary School on Mr. Hirt was asked to leave USD 287 property under threat of criminal sanctions by a Sheriff's deputy who had responded to the scene based on contact made because of the exclusion order issued to Mr. Hirt.

5.     Mr. Hirt and Mr. Clark are both patrons of USD 287 and attended some of the same school board meetings.

6.     Mr. Hirt and Mr. Clark have each spoken at multiple USD 287 school board meetings during the "Public Forum" time allotted to speaking by the general public and there was no constitutionally substantial difference between Mr. Clark and Mr. Hirt in their manner of expression at USD 287 School Board meetings.

7.     Mr. Hirt has never been removed from, or even asked to leave, any school board meeting.

8.     Mr. Hirt was not reported by USD 287 to any local, State, or Federal law enforcement agency for any disruption or disturbance of any school board meeting.

{T0457360}

9.  At all times pertinent to the claims, USD 287 had no policy that designated any classification(s) of persons to limit who may enter onto USD 287 property.

10. Mr. Clark became aware of the exclusion order (ECF No 93-1) dated July 13, 2015 against Mr. Hirt through reading quotes from the trespass notice published in the Ottawa Herald newspaper.

11. On August 19, 2015 during an Open House event at Williamsburg Elementary School Mr. Clark witnessed Mr. Hirt being commanded to leave USD 287 property under threat of criminal sanctions by a Sheriff's deputy.

12. But for the restrictions imposed by the exclusion order (ECF No. 93-1) against Mr. Hirt, Mr. Clark would not have self censored his speech at the school board meeting held August 12, 2015.

13. After witnessing the removal of Mr. Hirt under threat of criminal sanctions on August 19. 2015, Mr. Clark continued to self censor his speech by intentionally not attending school board meetings held between August 20, 2015 and June 14, 2017 when he would have otherwise attended and spoken during the Patron Forum of one or more school board meetings but for the enforcement of the exclusion order (ECF No. 93-1) issued against Mr. Hirt.

14. But for the restrictions imposed by the exclusion order (ECF No. 93-1), Mr. Hirt would have attended school board meetings on USD 287 property and used expressive speech that is protected by the First Amendment during the Patron Forum portion of the meetings held between July 17, 2015 and June 14, 2017 and he would have complied with all policies of the school while doing so.

15. But for the restrictions imposed by the exclusion order (ECF No. 93-1), Mr. Hirt would have attended sporting events on USD 287 property to which the public is invited between July 17, 2015 and June 14, 2017 and he would have complied with all policies of the school while doing so.

16. The Superintendent (Mr. Turner) is the designated custodian of records for open records requests submitted to USD 287.

17. Mr. Hirt submitted an open records request dated July 21, 2015 to USD 287 and the District failed to respond to that request as required by law.

18. Mr. Clark submitted an open records request dated March 24, 2017 to USD 287 and the District failed to respond to that request as required by law.

6

{T0457360}

**b.      Contentions of Defendants.**

Neither Gene Hirt nor Eric Clark have any connection to defendant USD 287 other than being residents within the district and Hirt graduated from Williamsburg High School 50 years ago.

Although Hirt had no children or relatives attending District schools, he engaged in an unusual pattern of conduct around schools with no legitimate reason that disturbed and concerned District staff. Between February 4, 2015 and June 29, 2015, Hirt drove slowly through school parking lots on at least 16 occasions. Hirt entered an elementary school classroom during school hours with no legitimate business. He attempted to enter a school building during school hours to take pictures and became angry when he was denied access. He was belligerent on other occasions when staff refused to allow him to enter a school during school hours. Staff reported safety concerns about Hirt's behavior to superintendent Turner.

Hirt had a history of disruptive outbursts and conduct at school board meetings outside of the "patron forum" during which District patrons are allowed three minutes to address the board. Hirt's outbursts including calling board members crude names, addressing the board in a hostile voice without permission, and muttering from the audience resulting in occasional cautions from the Board President. Immediately after a board meeting on June 8, 2015, Hirt approached within inches of Superintendent Jerry Turner's face and loudly threatened "to get [Turner]" if the names of the schools were changed. Turner perceived Hirt's conduct to be physically threatening.

After consulting an attorney from the Kansas Association of School Boards and board members, Turner mailed a July 13, 2015 letter to Hirt informing Hirt that he would no longer be allowed on District property. The letter was the result of concerns with Hirt's history of unusual

{T0457360}

conduct around schools, his disruptive behavior at board meetings with his conduct toward Turner following the June 8, 2015 meeting precipitating the decision to restrict Hirt from school property.

Although the District maintained confidentiality of the letter, Hirt sought media attention, contacting the Ottawa Herald newspaper and providing a copy of the letter, much of which was published in the paper.

On May 26, 2017, Hirt was informed that he was authorized to attend his 50th High School Reunion on USD 287 property. On June 14, 2017, Turner withdrew the restriction of the July 13, 2015 letter. The letter requested that Hirt "continue to refrain from coming on USD 287 property which is not generally open to the public, including the schools, except for public events." Despite removal of the restriction, Hirt has not attended a board meeting. Hirt moved out of the District in 2017.

Clark has attended only three District board meetings. He addressed the board during the patron forum on April 13, 2015, May 11, 2015, and August 12, 2015. During the patron forum on August 12, 2015, Clark referred to Turner as a "nincompoop" and the board members as "ninnies." The District did not respond to his comments and has never restricted, reprimanded or criticized Clark for any comment.

Clark is a frequent *pro se* plaintiff who seeks to press parasitic claims based upon an alleged chilling effect of actions involving a third party. Clark has neither been subjectively "chilled" in the exercise of any First Amendment right nor would the District's restriction of Hirt from District property chill a person of ordinary firmness from the exercise of any right.

Neither Hirt nor Clark have suffered any damage from actions of the District.

{T0457360}

4)    **LEGAL CLAIMS AND DEFENSES.**

    a.    **Legal Claims of Plaintiffs.**

Plaintiffs assert entitlement to recover upon the following theories/alternative theories: The moving force which violated (and continues to violate) First Amendment rights of both Plaintiffs is/was the exclusion order that was issued either pursuant to USD 287 policies KGD and KGDA or; pursuant to an *ad hoc* "socially acceptable manner" policy or; both. If the exclusion order was issued pursuant to USD 287 policies KGD and KGDA then the trespass notice is unconstitutional facially and as-applied, concerning due process, right of free speech, right to receive information, and right to assemble and; if the exclusion order was issued pursuant to an *ad hoc* "socially acceptable manner" policy, then the trespass notice is unconstitutional facially and as-applied, concerning due process, right of free speech, right to receive information, and right to assemble. That enforcement action created a chilling effect on both Plaintiffs' First Amendment rights. That enforcement action and also violated plaintiff Hirt's statutory right to attend open meetings. And, Superintendent Jerry Turner, acting as custodian of records, also violated both plaintiffs' statutory rights to obtain or inspect open records in accordance with process of law. Superintendent Turner, in his individual capacity, retaliated against Mr. Hirt for protected speech through issuance of the exclusion order.

    b.    **Defenses of Defendants.**

Defendants deny that plaintiffs have suffered any damages and assert the following defenses:

**Counts I and IX – Hirt's First Amendment Claims**

    a.    USD 287 did not violate Hirt's First Amendment rights.

{T0457360}

b.     The District did not retaliate against Hirt for engaging in protected speech. Rather, Hirt was excluded from district property, not for protected speech, but as a result of Hirt's threatening assault on Superintendent Turner and Hirt's suspicious conduct that detracted district staff from their responsibilities of providing for the education and safety of students, conduct which is not protected by the First Amendment.

c.     The July 13 letter was in response to Hirt's conduct on school property, including stalking through school property and threatening Turner after a board meeting, and his belligerent behavior at board meetings. The letter was not a prior restraint of protected speech but was a reasonable restriction to preserve the orderly and efficient conduct of board meetings and operation of schools.

d.     Hirt does not have any right to enter schools or school property.

e.     USD 287 board meetings create a limited public forum which is limited to certain groups and dedicated to discussion of subjects limited to operation of the District. USD 287 imposed only reasonable and content neutral restrictions on speech.

f.     Strict scrutiny does not apply.  Even if strict scrutiny applied, the July 13 letter to Hirt was narrowly tailored to serve a significant government interest and Hirt had alternative means for communicating with the District.

g.     No unconstitutional policy exists or has been identified.

h.     The restriction of Hirt from the district premises did not implicate Hirt's First Amendment right to assemble. Hirt has not alleged any impact upon any group with which Hirt is associated.

i.     Hirt's claims are moot as a result of the District's June 14, 2017 withdrawal of the restriction of Hirt from District premises.

**Counts II and X – Hirt's Due Process Claims**

a.     USD 287 did not violate any Fifth or Fourteenth Amendment right of Hirt to due process.

b.     Hirt does not have a property or liberty interest in attending board meetings, sporting events or entering school property.

c.     The Kansas Open Meetings Act confers no statutory right to attend USD 287 school board meetings.

d.     The Fifth Amendment does not apply to USD 287.

10

{T0457360}

Case 2:17-cv-02279-HLT   Document 138   Filed 09/21/18   Page 11 of 16

Appellate Case: 19-3234   Document: 010110381046   Date Filed: 07/23/2020   Page: 15

**Counts III and VI –KOMA Claim under Kansas law of Hirt and Clark**

    a.    The Kansas Open Meetings Act, (KOMA) confers no right for Hirt to attend USD 287 school board meetings.

    b.    Hirt cannot recover civil penalties or void District actions which are remedies available only to the attorney general and county and district attorneys.

    c.    To the extent Hirt has standing under KOMA, his remedy is mandamus or injunction. Hirt is no longer excluded from USD 287 property that is generally open to the public, including board meetings, and his claims are moot.

    d.    Clark has never been restricted from District premises and lacks standing to assert any claim under KOMA.

**Counts IV and VII – State KORA Claims of Hirt and Clark**

    a.    USD 287 reasonably responded to plaintiffs' open records requests pursuant to the Kansas Open Records Act (KORA).

    b.    USD 287's responses to KORA requests were in good faith and reasonable.

    c.    Damages are not a remedy available to plaintiffs.

    d.    Civil remedies are not available because responses of USD 287 were in good faith and reasonable.

**Count V and XI– Clark's First Amendment Claim**

    a.    USD 287 did not violate any First Amendment right of Clark.

    b.    Clark is without standing to assert a First Amendment claim based on an alleged violation of Hirt's First Amendment rights.

    c.    Clark was not subjectively chilled in the exercise of any right nor would an objectively reasonable person of ordinary firmness have been chilled in the exercise of any right by conduct of USD 287.

    d.    The July 13, 2015 private letter to Hirt did not establish any policy of USD 287 of general application and was never applied to Clark.

**Count VIII – Hirt's Equal Protection Claim**

    a.    USD 287 did not treat Hirt differently than any similarly situated person.

{T0457360}

b.       Hirt is not a "class of one" who was intentionally treated differently from any other similarly situated citizen.

c.       Hirt's conduct on school property and his threatening and disruptive behavior are not similar to others.

**Defenses to Permanent Injunction Claim**

a.       No "socially acceptable manner" of speech policy was ever generally imposed by USD 287.

b.       Even if the July 13, 2015 private letter to Hirt could be considered a general policy, it was withdrawn by the June 14, 2017 letter of Turner.

c.       Neither plaintiff is irreparably harmed by any policy of USD 287.

d.       Plaintiffs' challenge of a purported "socially acceptable manner" of speech policy is moot.

e.       Clark lacks standing to challenge any conduct of the District.

**Additional Defenses:**

a.       Jerry Turner has qualified immunity from plaintiffs' claims.

b.       Plaintiffs' purported claims under Kansas law are barred by failure to comply with K.S.A 12-105b which deprives this Court of subject matter jurisdiction over such claims.

c.       The Court lacks subject matter jurisdiction of Clark's claims which effectively seek review of state court decisions in *Clark v. USD 287*, District Court of Franklin County, Kansas Case No 15C101, presently appealed by Clark in pending Kansas Court of Appeals Case No. 17-117343-A pursuant to the *Younger* and/or *Rooker/Feldman* abstention doctrines.

d.       The *Burford* abstention doctrine applies because the state has a strong interest in addressing compliance and enforcement of the KOMA and the KORA.

e.       Clark's claims are barred by *res judicata* and collateral estoppel as a result of the decisions in *Clark v. USD 287*, Franklin County, Kansas Case No 15C101 and its appeal.

f.       All statutory caps on damages apply to any claims under Kansas law.

g.       Clark is without standing to assert any claims.

12

h.    Defendants deny plaintiffs suffered any recoverable injury or damage.

i.    Any claims under Kansas law are subject to defenses under the Kansas Tort Claims Act, including but not limited to K.S.A. 75-6104(a) for legislative functions, (c) for enforcement of law, (e) for discretionary functions, and (i) for other immunities.

**5)   DAMAGES AND NON-MONETARY RELIEF REQUESTED.**

Award relief to Plaintiffs Hirt and Clark against Defendants, as the liabilities may appear in compensatory damages in the sum of five million dollars ($5,000,000 USD) to Hirt and; in the sum of four million dollars ($4,000,000 USD) to Clark and;

Declare that:

1)    The policy of the District limiting speech to a "socially acceptable manner" is an unconstitutional prior restraint and;

2)    the defendants violated First Amendment rights of Hirt and;

3)    the defendants violated the KOMA right of Hirt to attend open meetings and;

4)    the defendants violated the KORA right of Hirt to obtain open records and;

5)    the defendants violated First Amendment rights of Clark and;

6)    the defendants violated the KORA right of Clark to obtain open records and;

Enjoin the defendants:

1)    from continuing to enforce the July 13, 2015 enforcement action against Hirt and;

2)    from enforcing any action based on the ad hoc "socially acceptable manner" policy and;

3)    from taking enforcement actions without providing constitutionally sufficient notice and opportunity to be heard and;

4)    from violating the Kansas Open Meetings Act and;

5)    from violating the Kansas Open Records Act and;

6)    from continuing to enforce the as yet unknown policy which imposed

13

{T0457360}

restrictions upon Hirt and;

7)      from enforcing any action based on the as yet unknown policy and;
        Grant such other relief as may be just and equitable.

**6)      AMENDMENTS TO PLEADINGS.**

None pending.

**7)      DISCOVERY.**

Under the Scheduling Order and any amendments, all discovery was to have been completed by **July 1, 2018.** Discovery is complete. Unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions or other pretrial preparations. Although discovery may be conducted beyond the deadline for completion of discovery <u>if</u> all parties are in agreement to do so, under these circumstances the court will <u>not</u> be available to resolve any disputes that arise during the course of such extended discovery.

**8)      MOTIONS.**

**a.      Pending Motions.**

Plaintiffs' Motion for Partial Summary Judgment, ECF 113/114, is fully briefed with Defendants response at ECF 117 and Plaintiffs reply at ECF 133.

Plaintiffs filed a motion to review order ECF No. 122 on July 24, 2018 [ECF 125].

**b.      Additional Pretrial Motions.**

After the pretrial conference, the parties intend to file the following motions:

Defendant's Motion for Summary Judgment.

Plaintiffs expect to file a second motion for partial summary judgment.

14

{T0457360}

The dispositive motion deadline, as established in the scheduling order and any amendments, is **December 18, 2018.**

If Plaintiffs file a second motion for partial summary judgment, their brief or memorandum in support of such motion **shall be no longer than 30 pages total**.   Defendant's intention is to file one motion for summary judgment.   The arguments and authorities section of Defendant's brief or memorandum in support of such motion must not exceed 30 pages, absent an order of the court.

The parties should follow the summary-judgment guidelines available on the court's website:

http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf

**c.      Motions Regarding Expert Testimony.**

No expert witnesses have been identified.

**9)      TRIAL.**

The trial docket setting, as established in the scheduling order and any amendments, is **September 9, 2019 at 9:30 a.m., in Kansas City, Kansas.**  This case will be tried by **jury**. Trial is expected to take **approximately 5 days**. The court will attempt to decide any timely filed dispositive motions approximately 60 days before trial. If no dispositive motions are timely filed, or if the case remains at issue after timely dispositive motions have been decided, then the trial judge will convene another pretrial conference to discuss, among other things, the setting of deadlines for filing final witness and exhibit disclosures, exchanging and marking trial exhibits, designating deposition testimony for presentation at trial, motions in limine, proposed instructions in jury trials, and proposed findings of fact and conclusions of law in bench trials.

{T0457360}

**IT IS SO ORDERED.**


Dated September 21, 2018, at Wichita, Kansas.


                                        s/Gwynne E. Birzer
                                        Gwynne E. Birzer
                                        U. S. Magistrate Judge


APPROVED BY:

s/ Gene Hirt
Gene Hirt
219 W. 4th St.
Lyndon, Kansas 66451
(785) 893-4552
Email:  home2949h@gmail.com
*Pro se* **Plaintiff**


s/ Eric S. Clark
Eric S. Clark
1430 Dane Avenue
Williamsburg, KS 66095
(785) 214-8904
Email:  eric@whitestonepublishing.org
*Pro se* **Plaintiff**


s/ Lauren E. Laushman

J. Steven Pigg                          #09213
Lauren E. Laushman                      #25776
FISHER, PATTERSON, SAYLER & SMITH, L.L.P.
3550 S.W. 5th Street
Topeka, Kansas 66606
Off: (785) 232-7761 | Fax: (785) 232-6604
E-mail:  spigg@fisherpatterson.com
E-mail:  llaushman@fisherpatterson.com
**Attorneys for Defendants**

{T0457360}